# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN KARL SCHENEWARK, | Case No. 1:25-cv-00617-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |
| _____/ | |

## I.    INTRODUCTION

Plaintiff Damian Karl Schenewark ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.    FACTUAL BACKGROUND

Plaintiff was born in 1968, has a limited education (Administrative Record ("AR") 34) and last worked over 15 years ago as a tile setter (AR 56). Plaintiff filed a claim for SSI payments on August 14, 2018, alleging he became disabled on October 1, 2012, due to lung cancer in remission, right knee injury, COPD, kidney stones, stomach issues due to chemotherapy, constant headaches, and bulging discs in neck. (AR 90.) Following a hearing, an Administrative Law Judge (ALJ) issued a written decision on June 19, 2020, finding Plaintiff not disabled. (AR 25–36.) On February

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

25, 2021, Plaintiff's appeal was denied by the Appeals Council. (AR 1–7.) Plaintiff then filed a claim in this Court. (*See* AR 1462–64.) The parties thereafter voluntarily remanded the case for further proceedings for the ALJ to "re-evaluate the medical opinion evidence of record." (AR 1466–67.) On October 18, 2022, the Appeals Council issued an order "Remanding Case to Administrative Law Judge," which vacated the ALJ's June 19, 2020, decision and directed the ALJ to "address" the medical opinion evidence of Plaintiff's physical therapist Bob Pair. (AR 1470–72.)

The ALJ conducted another hearing on September 5, 2023, (AR 1404–33) and issued a "partially favorable" decision on October 18, 2023 (AR 1383–1394), finding Plaintiff "was not disabled prior to December 31, 2022, . . . but became disabled on that date and has continued to be disabled through the date of this decision," (AR 1394).

## A.    Relevant Evidence of Record[2]

In August 2018, Plaintiff presented for a pain management follow up appointment. (AR 577–80.) He complained of pain in his neck, low back, and knees. (AR 577.) Upon examination, tenderness with palpation, reduced range of motion, pain with extension, and palpable trigger points were noted in Plaintiff's cervical spine. (AR 578.) In his lumbar spine, Plaintiff exhibited palpable trigger points, bilateral pain with flexion and extension, and reduced range of motion. (AR 578.) Plaintiff's motor strength was normal. (AR 578–79.) The examination concluded that Plaintiff "had increased pain" and "numbness [and] tingling in hands." (AR 579.)

Plaintiff underwent a "Functional Capacity Evaluation" by physical therapist Bob Pair, M.S., P.T., in January 2020. (AR 1619–34.) "The components of testing included Repetitive Movement, Static Strength Testing in NIOSH postures, Hand Testing, and Material Handling testing." (AR 1622.) A "Static Strength Data Report" and "Maximum Grip Strength" results were included in the evaluation. (AR 1620–21.) Mr. Pair opined Plaintiff could lift, carry, push, and pull between seven pounds constantly and thirty-three pounds occasionally. (AR 1619.) Plaintiff could occasionally bend, squat, kneel, crawl, and climb stairs. (AR 1619.) Plaintiff could climb ladders, although no frequency was provided. (AR 1619.) Mr. Pair found that Plaintiff could frequently sit, and

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

occasionally stand, walk, and reach. (AR 1619.) He could perform arm controls at the "light-medium" level bilaterally and perform leg controls bilaterally at the "medium-heavy" level. (AR 1619.) Plaintiff could perform fine hand movement bilaterally. (AR 1619.) Mr. Pair concluded that, "[b]ased on the testing that was completed and the extrapolated data," Plaintiff's "work classification" was "light-medium." (AR 1622.) Mr. Pair noted that the results "were collected under the assumption that the patient was exhibiting maximal effort and no judgment is being made as to the sincerity of effort." (AR 1622.) Following the testing, Plaintiff signed a "Post Functional Test Form," which stated that he had "given a maximal and sincere effort during the performance of these functional tests." (AR 1623.)

In January 2021, Plaintiff presented for a neurology follow up appointment. (AR 1879–80.) He received an injection to treat migraines. (AR 1879.) A physical examination was normal, with normal strength, sensation, and gait. (AR 1879.)

**B.    Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on November 7, 2018, (AR 106–109), and again on reconsideration on January 29, 2019, (AR 113–18). Following a hearing an Administrative Law Judge (ALJ) issued a written decision on June 19, 2020, finding Plaintiff not disabled. (AR 25–36.) Plaintiff appealed the decision to the district court, and the parties thereafter voluntarily remanded the case for further proceedings. (AR 1466–67.) The Appeals Council then issued an order "Remanding Case to Administrative Law Judge," which vacated the ALJ's June 19, 2020, decision and directed the ALJ to "address" the medical opinion evidence of Mr. Pair. (AR 1470–72.)

At a hearing held on September 5, 2023, Plaintiff appeared with counsel and testified before an ALJ as to his alleged disabling conditions. (AR 1412–26.) A vocational expert ("VE") also testified at the hearing. (AR 1426–32.)

**C.    The ALJ's Decision**

In a decision dated October 18, 2023, the ALJ issued a "partially favorable" decision, finding Plaintiff "was not disabled prior to December 31, 2022, . . . but became disabled on that date and has continued to be disabled through the date of this decision." (AR 1394.) The ALJ conducted the

3

five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 1385–94.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of the application (step one). (AR 1385.) At step two, the ALJ found Plaintiff's following impairments to be severe since the date of the benefits application, August 14, 2018: lung cancer status post lobectomy in remission; COPD; degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the right knee status post arthroscopic meniscal repair; degenerative joint disease of the right shoulder; and migraine headaches. (AR 1385.) The ALJ further found that since October 1, 2012, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 1386.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. (AR 1386–87.); *see* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that, since October 1, 2012, Plaintiff had the RFC:

> to perform and range of light work as defined in 20 CFR [§] 416.967(b). [Plaintiff] can occasionally lift and carry twenty pounds and frequently ten pounds. [Plaintiff] can sit for approximately six hours in an eight-hour day, and stand and walk approximately four hours in an eight-hour day. He can occasionally use foot controls on the right lower extremity. He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance as part of his job requirements and occasionally stoop, crouch, kneel, and crawl. [Plaintiff] can occasionally reach overhead with the right upper extremity, and frequently reach front and lateral with the right upper extremity. He can have only occasional exposure to extreme cold and heat, excessive vibration, and fumes, odors, and/or irritants. [Plaintiff] can never work around unprotected heights or moving and/or dangerous machinery. He can tolerate moderate levels of noise and need to avoid bright lights, which are lights in excess of retail- and office-type lighting.

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

(AR 1386–87.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not fully supported for the reasons explained in [the ALJ's] decision."  (AR 1388.)

The ALJ determined that Plaintiff did not have any past relevant work (step four) and that, given his RFC, he could perform a significant number of jobs in the national economy (step five).  (AR 1392–93.)  Finally, the ALJ concluded Plaintiff "was not disabled prior to December 31, 2022, but became disabled on that date and has continued to be disabled through the date of [the] decision."  (AR 1394.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on March 21, 2025.  (AR 1374–79.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 416.1481.

### III.   LEGAL STANDARD

**A.   Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If

so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation,

the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff contends that the ALJ failed to follow the Appeals Council's remand order directing the ALJ to address the opinion of Plaintiff's physical therapist Mr. Pair in a subsequent decision. (Doc. 17 at 4–16; Doc. 22 at 2–9.). The Commissioner responds that the ALJ's subsequent decision complied with the Appeals Council's remand order to consider Mr. Pair's opinion and appropriately found it unpersuasive. (Doc. 21 at 2–8.)

**A.    The ALJ's Compliance with the Appeals Council's Remand Order is Not Reviewable by this Court**

"It is well settled that federal courts only have jurisdiction to review the final decisions of administrative agencies." *Caravia-Moroianu v. Berryhill*, Case No. CV 16–01848–RAO, 2018 WL 1187502, at *1 (C.D. Cal. Mar. 6, 2018) (citing 42 U.S.C. § 405(g)). *See Alacar v. Comm'r of Soc. Sec.*, No. 2:22-CV-149-TLN-KJN, 2022 WL 17418356, at *3–4 (E.D. Cal. Dec. 5, 2022) (Title 42 U.S.C. § 405(g) "requires the court's review to be of the final decision of the Commissioner.") (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993)).

Where, as here, the Appeals Council denied Plaintiff's request for review of the ALJ's

subsequent decision (AR 1374–79), thereby declining to act on the ALJ's alleged non-compliance with the remand order, the ALJ's subsequent decision became the Commissioner's final decision. *Megyesi v. Saul*, 773 F. App'x 914, 914 (9th Cir. 2019) (citing *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018)).  In the unpublished decision *Tyler v. Astrue*, the Ninth Circuit held that

> [t]he district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand.  The law of the case doctrine does not apply because the Appeals Council remanded to the ALJ to make further findings; it did not decide any issues of fact or law itself.  Additionally, federal courts only have jurisdiction to review the final decisions of administrative agencies. *See* 42 U.S.C. § 405(g).  When the Appeals Council denied review of the ALJ's second decision, it made that decision final, *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993), and declined to find that the ALJ had not complied with its remand instructions.

305 Fed. App'x 331, 332 (9th Cir. 2008).  *Tyler* has been followed by Ninth Circuit district courts, including this one, in rejecting review of an ALJ's compliance with a remand order of the Appeals Council.  *See Alacar*, 2022 WL 17418356, at *3–4 (declining to review the ALJ's alleged failure to follow the Appeals Council's instructions); *Parker v. Saul*, No. 20CV2530-BLM, 2022 WL 4798162, at *9–10 (S.D. Cal. Sept. 30, 2022) ("[R]emand due to the ALJ's alleged failure to comply with the Appeals Council order is not warranted or appropriate."); *Pamela E. v. Saul*, No. 4:19-CV-00004-SLG, 2019 WL 6257728, at *12 (D. Alaska Nov. 22, 2019) ("This Court declines to evaluate whether the ALJ's second decision complied with the remand order of the Appeals Council."); *Pierce v. Saul*, No. 1:17-CV-00380-REB, 2019 WL 4696402, at *4 (D. Idaho Sept. 26, 2019) ("[T]he Court agrees that Petitioner cannot prevail on a challenge that the ALJ committed reversible legal error by failing to comply with the Appeals Council's order of remand, and it will therefore not consider arguments in this vein."); *McGowan v. Berryhill*, Case No. 5:16–CV–00923 (VEB), 2017 WL 4712782, at *4 (C.D. Cal. Oct. 19, 2017) (finding the court only had jurisdiction to review the Commissioner's final decision and the "alleged non-compliance with an Appeals Council's remand order [was] not reviewable by the federal courts"); *Webber v. Berryhill*, No. 2:15-CV-00295-MKD, 2017 WL 722593, at *3 (E.D. Wash. Feb. 23, 2017) ("The Court does not have jurisdiction to consider whether the ALJ properly followed the directions of the Appeals Council on remand."); *Crooks v. Astrue*, No. 09-CV-1448-BR, 2011 WL 672556, at *3–4 (D. Or. Feb. 15,

2011) ("The Court concludes it lacks jurisdiction to review the ALJ's compliance with the Appeals Council's last remand."). *Cf. Megyesi*, 773 F. App'x at 914 ("We lack jurisdiction to review [plaintiff's] argument that the [ALJ] failed to comply with particular aspects of the Appeals Council's remand order.").

In view of the foregoing, the Court "declines to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand," as such matter is unreviewable by this Court.[4] *Tyler*, 305 Fed. App'x at 332.

**B.    The ALJ's Treatment of Mr. Pair's Opinion Was Erroneous**

Although the Court declines to review the ALJ's compliance with the remand order, it nevertheless must "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996)).  Plaintiff argues that the ALJ did not conduct an adequate analysis of Mr. Pair's opinion and thus lacked substantial evidence to find the opinion "not persuasive" in the subsequent decision. (Doc. 17 at 10–11; Doc. 22 at 5.)  The Court agrees.

**1.    Legal Standard**

Plaintiff's claim for SSI is governed by the agency's regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017.  20 C.F.R. § 416.920c.  The regulations set "supportability" and "consistency" as "the most important factors" when determining the opinions' persuasiveness.  20 C.F.R. § 416.920c(b)(2).  And although the regulations eliminate the prior "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [they] considered the medical opinions" and

---

[4] Plaintiff frames the issue as whether the ALJ violated the "rule of mandate" by failing to follow the Appeals Councils' remand order in the subsequent decision.  (Doc. 17 at 4–6; Doc. 22 at 2–3.)  The rule of mandate provides that "any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."  *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).  The Court is skeptical of the applicability of the rule of mandate in this case, which does not concern the ALJ's compliance with a federal court order but instead an order of the Appeals Council, and at least one Court has held the doctrine is inapplicable in this context.  *See Cathey v. Saul*, No. 3:19-CV-275-GPC-WVG, 2021 WL 4129491, at *8 (S.D. Cal. Sept. 10, 2021).  Nonetheless, the Court need not decide whether the rule of mandate applies here because the ALJ's compliance with the Appeals Council's order—whether dictated by the rule of mandate or otherwise—is not reviewable, as set forth above.

"how persuasive [they] find all of the medical opinions."  20 C.F.R. § 416.920c(a)–(b).

The Ninth Circuit has issued the following guidance regarding treatment of physicians' opinions after implementation of the revised regulations:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant.  *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from your medical sources.").  Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations.  Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Accordingly, under the regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence."  *Id*. at 787.

In conjunction with this requirement, "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings."  *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(b)).  *See also id*. § 416.920c(b).  "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'"  *Id*. at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  *See also id*. § 416.920c(c)(1).  "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'"  *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).  *See also id*. § 416.920c(c)(2).

As the Ninth Circuit also observed,

> The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion.  *See id.* § 404.1520c(c)(3).  Thus, an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id*. § 404.1520c(c)(3)(i)–(v).  However, the ALJ no longer needs to make specific findings regarding these relationship factors:

*Woods*, 32 F.4th at 792; *see also* 20 C.F.R. § 416.920c(c)(3). "A discussion of relationship factors may be appropriate when 'two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same.'" *Id*. (quoting § 404.1520c(b)(3)). *See also id*. § 416.920c(b)(3). "In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Id*. Finally, if the medical opinion includes evidence on an issue reserved to the Commissioner, the ALJ need not provide an analysis of the evidence in his decision. *See* 20 C.F.R. § 415.920b(c)(3).

With these legal standards in mind, the undersigned reviews the weight given to Mr. Pair's opinion.

### 2. Analysis

The ALJ determined that Mr. Pair's opinion was "not persuasive" because

> Mr. Pair supported his opinion with general reference to his evaluation of the claimant without judging the sincerity of the claimant's effort (35F/5). He did not provide the specific exam findings he made when assessing [Plaintiff's] effort. Rather he completed a simple check box form.
>
> The evidence of [Plaintiff's] stable exam findings is inconsistent with Mr. Pair's opinion. For example, the claimant had normal strength in his bilateral extremities, which is more consistent with finding he could lift and carry twenty pounds occasionally and ten pounds frequently. Additionally, Mr. Pair's opinion is vague as he does not define the meaning of "light-medium" or "medium-heavy" work. [Plaintiff's] complaints of pain with walking and standing are more consistent with finding he could stand and walk for four hours in a normal workday. While Mr. Pair limited [Plaintiff] to "occasional" postural limitations, there is no evidence that his use of this term coincides with the Agency's definition making this portion of his opinion inconsistent with the residual functional capacity finding of occasional postural limitations.

(AR 1391.)

The Court concludes that the ALJ's evaluation of Mr. Pair's opinion is deficient because the ALJ did not adequately discuss the supportability and consistency factors and failed to articulate an explanation that is supported by substantial evidence. *Woods*, 32 F.4th at 792 (holding that an ALJ can "reject an examining or treating doctor's opinion as unsupported or inconsistent" if the ALJ "provide[es] an explanation supported by substantial evidence"). Although "the [] regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating

physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review." *Shannon B. v. Comm'r, Soc. Sec. Admin.*, Case No. 6:21-cv-01144-HL, 2023 WL 371650, at *5 (D. Or. Jan. 24, 2023) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence), and *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").)

With respect to the supportability factor, the ALJ found that Mr. Pair "did not provide the specific exam findings he made when assessing [Plaintiff's] effort.  Rather he completed a simple check box form."  (AR 1391.)  While the lack of a supporting explanation can be a proper consideration in evaluating this factor, *see* 20 C.F.R. §416.920c(c)(1), in this case Mr. Pair did provide "specific exam findings" to support his opinion.  In particular, Mr. Pair expressly stated that his opinion was based on "testing that was completed and the extrapolated data," including "Repetitive Movement, Static Strength Testing in NIOSH postures, Hand Testing, and Material Handling testing."  (AR 1622.)  And the ALJ apparently also overlooked the "Static Strength Data Report" and "Maximum Grip Strength" testing results, which are attached to the opinion.  (AR 1620–21.)  By disregarding the testing of Plaintiff that Mr. Pair performed to support his opinion, the Court concludes that the ALJ's supportability analysis lacks substantial evidence.  *See Coleman v. Colvin,* No. C13-5568BHS, 2014 WL 3735442, at *4 (W.D. Wash. July 28, 2014) (discrediting of medical opinions not supported by substantial evidence where the ALJ "ignore[d] the fact that both doctors relied on psychological testing, a review of past medical records, and their own clinical observations in rendering their opinions."); *Le v. Barnhart*, No. 05cv2030 WQH (RBB), 2006 WL 8442138, at *18 (S.D. Cal. Dec. 15, 2006) ("[T]he ALJ stated that Dr. Zappone did not perform independent objective testing and only administered a limited mental status exam. . . . Dr. Zappone performed objective testing and a mental status exam, therefore, the ALJ's third reason to disregard Dr. Zappone's opinion is not supported by substantial evidence in the record."). *See also Katherine D. v. Comm'r, Soc. Sec. Admin.,* No. 6:20-CV-1920-MO, 2024 WL 244625, at *6 (D. Or. Jan. 23,

2024) ("Regarding 'supportability,' the ALJ erred by failing to discuss the strength of the evidence underlying Dr. Hallenburg's conclusions.").

The ALJ's evaluation of the consistency factor is equally deficient.  The ALJ summarily found that Mr. Pair's opinion was inconsistent with Plaintiff's "stable exam findings," but did not identify such "findings" in determining Mr. Pair's opinion was inconsistent with the record, other than mentioning "normal strength in [Plaintiff's] bilateral extremities."  (AR 1391.)  Because the ALJ did not cite to any records, it is not clear to what evidence of "normal strength in [Plaintiff's] bilateral extremities" the ALJ refers.

Elsewhere in the decision, the ALJ cites to only two records that purport to show that Plaintiff's "physical strength was normal in all extremities."  (AR 1389 (citing AR 578–79 and AR 1879).)  To the extent this was the evidence on which the ALJ was relying in finding Mr. Pair's opinion inconsistent with the record, such reliance ignores that one of these records also documented tenderness, reduced range of motion, pain, palpable trigger points in Plaintiff's cervical and lumbar spine, as well as "numbness [and] tingling" in his hands.  (AR 578, 579.)  The other record documents a neurology appointment visit to treat migraines and did not include an assessment of Plaintiff's musculoskeletal system.  (AR 1879.)  Based on these cited records, ALJ's evaluation of the consistency of Mr. Pair's opinion appears based on "cherry-picked" evidence, which is improper.  *Buethe v. Comm'r of Soc. Sec.*, No. 2:20-cv-552-KJN, 2021 WL 1966202, at *4 (E.D. Cal. May 17, 2021) (collecting cases); *Cruz v. Kijakazi*, No. 1:21-cv-01248-AWI-HBK, 2023 WL 1447855, at *5 (E.D. Cal. Feb. 1, 2023) ("Even under the new regulations, the ALJ may not 'cherry-pick' evidence in discounting a medical opinion.").  *See also* 42 U.S.C. § 423(d)(5)(B) (requiring an ALJ base the decision on "all the evidence available in the [record].");  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (the court may not affirm where the ALJ "pick[ed] out a few isolated instances of improvement" to support the denial of benefits).

Finally, the ALJ characterized Mr. Pair's opinion as "vague" and "inconsistent" because he did "not define the meaning of 'light-medium' or 'medium-heavy' work" and there was "no evidence that his use of this term ['occasional'] coincides with the Agency's definition."  (AR 1391.)  Once again, the ALJ missed key aspects of Mr. Pair's opinion.  At the bottom of the

evaluation, there is a chart titled "Functional Capacity Evaluation Work Definitions" that includes both the definitions of "light-medium" and "medium-heavy" strength classifications and "occasional" frequency. (AR 1619.) This chart demonstrates that Mr. Pair's use of the term "occasional" does, contrary to the ALJ's finding, "coincide[] with the Agency's definition." (*Compare* AR 1619 ("occasional" means "3–33" percent of the day) *with* DI 25001.001 Medical and Vocational Quick Reference Guide, SSA POMS DI 25001.001 ("occasionally" defined as "[a]ctivity or condition exists up to one-third of the time.").)

The Court is aware of the general proposition that ALJ's are to resolve ambiguities and conflicts in the record. *Ford*, 950 F.3d at 1154. It is also mindful of the deference desired by the agency in promulgating these revised regulations. *See* REVISIONS TO RULES, 82 Fed. Reg. 5844-01 at *5860 ("[The new regulations are] essential for [the agency's] administration of a massive and complex nationwide disability program where the need for efficiency is self-evident."). However, the text of the regulations explicitly requires an explanation of how the ALJ considered the supportability and consistency of an opinion. 20 C.F.R. § 416.920c(b)(2). Harmonizing this requirement with Ninth Circuit law prohibiting cherry-picking and requiring a detailed and thorough summary of conflicting evidence, and an interpretation and findings thereon, the ALJ must explicitly address evidence that supports and is consistent with a less-than-persuasive medical opinions, and should this evidence fail to persuade, the ALJ must provide legally sufficient reasons. *See Buethe*, 2021 WL 1966202, at *7 (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("[T]he ALJ must provide sufficient reasoning that allows [for] review.")). *See also Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1994) (while the ALJ need not discuss all evidence presented to them, they must explain why "significant probative evidence has been rejected"). This the ALJ did not do, and therefore the Court declines to find substantial evidence supports the RFC. *See Garmany v. O'Malley*, No. 1:23-CV-00607-HBK, 2024 WL 3105824, at *6 (E.D. Cal. June 24, 2024) (errors in addressing medical opinion evidence "calls into question whether the assessed RFC . . . [is] supported by substantial evidence").

Moreover, while the Commissioner attempts to provide reasons why the ALJ could have found that limitations opined by Mr. Pair were not supported by any of his own findings or the

other physical findings in the record (*see* Doc. 21 at 5–6), this is the sort of *post hoc* rationale that is impermissible in the Social Security context.  *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); *Stout v. Comm'r Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the ALJ himself); *see also Walker v. Comm'r of Soc. Sec*., No. 2:22-CV-01871-EJY, 2024 WL 64784, at *4 n.4 (D. Nev. Jan. 4, 2024) ("In response to Plaintiff's motion, the Commissioner specifically addresses the supportability and consistency factors and provides citations to the record.  Unfortunately these are *ad hoc* rationales the Court cannot consider").

**C.     Harmless Error Analysis**

        The error of the ALJ's analysis of the persuasiveness of Mr. Pair's opinion is not harmless.  Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin*., 454 F.3d 1050, 1056 (9th Cir. 2006).  Here, the hearing testimony is that a limitation to "occasional" reaching such as that opined by Mr. Pair would preclude all work.  (AR 1432; *see also* AR 1471 ("A limitation to occasional reaching would eliminate the representative occupations listed at step five, because [they] all have 'frequent' reaching requirements per the [DOT].").)  The Court therefore cannot "confidently conclude" that "no reasonable ALJ" considering Mr. Pair's opined limitations could have reached a different disability determination.  *See Carter v. Comm'r of Soc. Sec*., No. 2:24-CV-01177-DGE, 2025 WL 747429, at *10 (W.D. Wash. Mar. 10, 2025) ("These errors were not harmless, as they impacted the RFC formulated by the ALJ.  If Plaintiff's testimony and the opinions of Dr. Craig and Nurse Wong had been credited, the ALJ could not have concluded Plaintiff was able to work.") (internal citations omitted); *David C. v. Comm'r of Soc. Sec*., No. 23-CV-0655-WQH-MMP, 2024 WL 3596856, at *12 (S.D. Cal. July 31, 2024) (error not harmless where the Court finds the ALJ erred by failing to address adequately the supportability factor when evaluating a medical opinion); *see also Suzi Marie H. v. O'Malley*, No. 3:22-cv-01963-WQH-AHG, 2024 WL 965233, at *14 (S.D. Cal. Mar. 5, 2024) (determination that medical opinions were unpersuasive without providing an explanation

supported by substantial evidence was "not inconsequential since it could have impacted the final RFC.").

**D.      Remand for Further Proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Notably, except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Here, the Court finds that remand for additional proceedings is necessary because the persuasiveness of Mr. Pair's opinion must be analyzed further before a determination of disability may be made.[5] *See* 20 C.F.R. § 416.920c(c)(2); *see also Cesar C. v. Dudek*, No. 1:24-CV-03177-EFS, 2025 WL 1065959, at *10 (E.D. Wash. Apr. 9, 2025) (remanding for further proceedings where the ALJ "failed to address the supportability of [medical] opinions in any meaningful way"); *Arroyo v. Comm'r of Soc. Sec.,* No. 2:22-CV-00360-DMC, 2023 WL 3853485, at *8 (E.D. Cal. June 6, 2023) (remanding for further proceedings where the ALJ failed to explain how a physician's opinion was inconsistent with other objective medical evidence); *Buethe*, 2021 WL 1966202, at *7 (Because the ALJ cherry-picked facts and ignored probative evidence, including medical opinion evidence, "the proper remedy is remand, where the ALJ may either (a) reaffirm [their] decision after a more thorough explanation of why these opinions were unsupported by and inconsistent with the relevant evidence, or (b) award benefits."); *cf. Emily B. v. Kijakazi*, No. 4:20-CV-05174-SMJ, 2022 WL 17224299, at *6 (E.D. Wash. Sept. 14, 2022) (observing that the revised regulations rejected application of the Ninth Circuit's "credit-as-true" doctrine to medical opinions and the commentary expressly stated: "it is never appropriate under our rules to 'credit-as-true' any medical opinion").

---

[5] As to the ultimate outcome of Plaintiff's claim, the Court expresses no opinion as to the level of persuasiveness that should be ascribed to the limitations. Nor does the Court express what Plaintiff's RFC ultimately should be. These are for the ALJ to decide. *Ford*, 950 F.3d at 1154.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED.  The case is REMANDED to an ALJ for further proceedings consistent with this Order, and the Commissioner is ORDERED to REASSIGN this matter to an ALJ other than the one who authored the prior two decisions.  Finally, the Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Damian Karl Schenewark and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE